**Maria Gutierrez DUARTE, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 05–76819.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 12, 2010.*

Filed Feb. 17, 2010.

Carlos Alfredo Cruz, Esquire, Law Offices of Carlos A. Cruz, Alhambra, CA, for Petitioner.

David V. Bernal, Assistant Director, U.S. Department of Justice, Ernesto Horacio Molina, Jr., Esquire, Senior Litigation Counsel, U.S. Department of Justice, OIL, Washington, DC, Ronald E. LeFevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: THOMAS and SILVERMAN, Circuit Judges, and BEISTLINE,** Chief District Judge.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

MEMORANDUM \*\*\*

Maria Gutierrez–Duarte petitions for review of the Board of Immigration Appeals's denial of her request to remand. We have jurisdiction pursuant to 8 U.S.C. § 1252 and deny the petition for review.

Duarte argues that the BIA violated her right to due process by not considering whether her cousin was a "daughter" for purposes of an 8 U.S.C. § 1182(d)(11) waiver. The record is to the contrary. The BIA rejected Duarte's remand request because she failed to establish two elements necessary for remand—that she was prima facie eligible for the waiver and that her new evidence was previously unavailable. *Romero–Ruiz v. Mukasey,* 538 F.3d 1057, 1063–64 (9th Cir.2008); 8 C.F.R. § 1003.2(c) (setting forth the requirements of a motion to remand/reopen). The BIA held that Duarte was not eligible for the waiver because the plain statutory language of § 8 U.S.C. § 1182(d)(11) does not include cousins among the list of qualifying relatives. The BIA clearly considered the claim and no due process violation occurred. *Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring both error and prejudice for a due process violation).

PETITION FOR REVIEW DENIED.

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.